UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT TALLO, an individual, and JAMES A. WILHELM,
an individual, and MARY DEBENEDETTA, an individual,

        Plaintiff(s),

v.                              Case No.  2:09-cv-792-FtM-36DNF

ALAN KOLAK and EDWARD SCHLIFF,
individuals and police officers, employees,
agents, for CAPE CORAL POLICE
DEPARTMENT, a municipal agency, and CITY
OF CAPE CORAL, a municipal corporation,
CITY OF FORT MYERS, a municipal
corporation and MATTHEW MILLS, an
individual and a police officer, agent and
employee for FORT MYERS POLICE
DEPARTMENT, a division of municipal
government, and UNKNOWN POLICE
OFFICERS and a MULTI-JURISDICTIONAL
TASK FORCE, comprised of various unknown
law enforcement agencies in Southwest
Florida, RICHARD ORIN OPPERMANN d/b/a
Alpha Omega Bonds and MATTHEW K.
McDOWELL, a licensed Florida attorney,
                      Defendant(s).
_____

**DEFENDANT CITY OF CAPE CORAL'S MOTION TO DISMISS
AND MEMORANDUM OF LAW**

      Defendant, CITY OF CAPE CORAL, by and through its undersigned attorney

hereby files its Motion to Dismiss and states as follows:

      Plaintiff has filed a corrected Amended Complaint in this action, naming among

numerous Defendants the Cape Coral Police Department and a Multi-Jurisdictional

Task Force "comprised of various unknown law enforcement agencies in Southwest

Florida." Neither the Cape Coral Police Department, nor the Multi-Jurisdictional Task

Force, comprised of various unknown law enforcement agencies in Southwest Florida, constitute discreet legal entities capable of being sued and, therefore, the Complaint fails to state a claim upon which relief can be granted against the Cape Coral Police Department or the Multi-Jurisdictional Task Force.

WHEREFORE, Defendant, CITY OF CAPE CORAL, requests that Plaintiffs' Corrected Amended Complaint be dismissed as to the Cape Coral Police Department or the Multi-Jurisdictional Task Force, and that this Court award such other and further relief as is deemed appropriate.

## MEMORANDUM OF LAW

In their Corrected Amended Complaint, Plaintiffs assert claims against the Cape Coral Police Department or the Multi-Jurisdictional Task Force "comprised of various unknown law enforcement agencies in Southwest Florida."  Plaintiffs further allege that "police agency Defendants" and others acted through the Multi-Jurisdictional Task Force in conducting the arrests about which Plaintiffs complain (Corrected Amended Complaint, ¶¶ 8, 17, 48, 54).

There is no legal entity known as the Cape Coral Police Department, nor the Multi-Jurisdictional Task Force.  In the context of suits under 42 U.S.C. §1983, the Eleventh Circuit has noted "[s]herifif's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 2002).  Municipalities are in actuality Florida municipal corporations which frequently contain within them departments devoted to law enforcement.  Pursuant to Article VIII, Section I of the Florida Constitution, the county sheriff is established as a constitutional officer in the State of Florida.  In Graham v. Lee County Sheriff's Department, The United States District Court in and for the Middle District of Florida,

2009 WL1605347 (M.D. Fla.) (June 8, 2009), specifically addressed the issue of suing a law enforcement department as a Defendant in the context of a §1983 case.  In granting the Defendant's Motion to Dismiss, the Court stated:

> [P]olice departments are not usually considered legal entities subject to suit, but capacity to sue or be sued shall be determined by the law of the state in which the District Court is held.  Williams v. Miami-Dade Police Dep't, No. 08-10800, WL 4726101, at *3 (11th Cir. October 29, 2008), quoting Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 2002) (internal citations and quotations omitted).  Under Florida law, police departments are not legal entities amenable to suit.  See, e.g. Williams, 2008 WL4726101 at *3, citing Masson v. Miami-Dade County, 738 So.2d 431, 432 (Fla. 3d DCA 1999); Florida City Police Dep't v. Corcorian, 661 So.2d 409, 410 (Fla. 3d DCA 1995).  Thus, as Defendant Lee County Sheriff's Office does not have the capacity to be sued under Florida law, its Motion to Dismiss shall be granted and it shall be dismissed from the case…Graham v. Lee County Sheriff's Department, 2009 WL1605347 (M.D. Fla.) (June 8, 2009).

Just as a suit brought against a law enforcement department was properly dismissed in Graham, a suit which names a collection of law enforcement departments operating as a multi-jurisdictional task force fails to state a cause of action against any legal entity and should be dismissed as well.  It would defy logic if Plaintiff could create an entity capable of being sued simply by aggregating smaller component entities, none of which is in itself capable of being sued.

WHEREFORE, Defendant, CITY OF CAPE CORAL, requests that the claims against the Cape Coral Police Department and the Multi-Jurisdictional Task Force, comprised of various unknown law enforcement agencies in Southwest Florida, be dismissed and that this Court award such other and further relief as is deemed appropriate.

        Respectfully submitted,

        /s/ Robert C. Shearman
        Robert C. Shearman

I HEREBY CERTIFY that on April 5, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Michelle Erin Berthiaume, Esquire, Berthiaume & Kelly, P.A., 2551 Fourth Street, Fort Myers, FL 33901.

        HENDERSON, FRANKLIN, STARNES & HOLT
        Attorneys for Defendants
        Post Office Box 280
        Fort Myers, Florida 33902-0280
        239.344.1346
        robert.shearman@henlaw.com

        By: /s/ Robert C. Shearman
            Robert C. Shearman
            Florida Bar No. 614025